**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2508
_____

EMELIA GUIJON HERNANDEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A201-876-606)
Immigration Judge: Joseph C. Scott
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 29, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: May 2, 2025)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Emelia Guijon Hernandez, a Mexican citizen, came to the United States illegally more than a quarter century ago and stayed. She and her husband have two children, both United States citizens: Cindi and Luis Lopez. Cindi is married and has a child, V, a daughter.

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Hernandez and Luis both help care for V because Cindi suffers from anxiety and depression. Luis has no mental health problems and graduated from high school with straight A's.

Six years ago, immigration agents started removal proceedings against Hernandez. During those proceedings, Cindi was 24 and Luis was 18. Hernandez admitted that she was removable but sought cancellation of removal, claiming that deporting her would cause "exceptional and extremely unusual hardship" to Luis, her qualifying U.S.-citizen relative. 8 U.S.C. § 1229b(b)(1)(D); § 1101(b)(1) (qualifying children must be under 21). She argued that, if she were removed, Luis would bear a heavier burden taking care of Cindi and V.

The immigration judge disagreed. As he explained, it was "objectively not reasonable to infer an exceptional and extremely unusual hardship given the significant sources of support present in their home, as well as additional familial support in the form of aunts/family members who live in the same town." AR 58. So he denied Hernandez's application and ordered her deported to Mexico. The Board of Immigration Appeals affirmed without opinion. This petition followed, challenging both the immigration judge's factual findings and how he applied the law to those facts.

We start with the factual challenges. Hernandez contests the immigration judge's findings that:

- Cindi's husband could change his work schedule to provide additional care for Cindi and V;

- Cindi's condition was not "severe, or certainly [not] severe enough to merit her need to have Luis provide for her or V," AR 59 (cleaned up);

2

- Luis's delay in attending college does not show that Cindi's condition is severe because he only recently graduated high school;

- V's past developmental delays in walking do not suggest significant ongoing medical needs; and

- Extended family members are available to provide support to Cindi and V.

We cannot reach the merits of any of these factual disputes. Because we lack jurisdiction to review the immigration judge's "underlying factual determination[s]," we must dismiss all these challenges. *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024); 8 U.S.C. § 1252(a)(2)(B)(i).

Hernandez's one remaining challenge fails on the merits. She argues that "the Court acknowledged … the testimony of Luis that he helped his sister with her schoolwork.… However, the Court negates these facts from the totality of circumstances." Pet'r's Br. 24. This seems to be an argument not about underlying factual findings but about how to weigh them. We review the immigration judge's application of the exceptional-or-extremely-unusual-hardship standard to "found facts" for substantial evidence. *Wilkinson*, 601 U.S. at 222; *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025). Substantial evidence means that we defer "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Wilkinson*, 131 F.4th at 142 (internal quotation marks omitted); 8 U.S.C. § 1252(b)(4)(B).

A reasonable adjudicator could, indeed would, weigh the facts and reach the same conclusion that the immigration judge did. Luis is self-sufficient. And the additional burden of helping Cindi need not fall solely on him. Cindi is married, has a babysitter's help, and is

herself competent enough to have finished high school and college. Losing Hernandez would be a terrible sorrow to Luis but not an exceptional hardship.

We will thus dismiss in part and deny in part the petition for review.